UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81481-McCabe

WATERSEDGE AT THE LAKES OF
DELRAY CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,
v.

DELFA M. GOMEZ,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff Watersedge at the Lakes of Delray Condominium Association, Inc.'s Motion to Remand. (DE 6). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

**I.   OVERVIEW**

This is a condominium lien foreclosure case. Plaintiff Watersedge at the Lakes of Delray Condominium Association, Inc. ("Association") filed this case in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2025-CA-011291. (DE 1-2 at 51-55). The state court complaint alleges that the Association, a Florida condominium association and not-for-profit corporation, levied assessments against a condominium unit owned by Defendant. (DE 1-2 at 51-53). Defendant failed to pay the assessment, and the Association recorded a claim of lien against Defendant's unit. (DE 1-2 at 51-53). The complaint seeks to foreclose the lien and obtain damages associated with the delinquent assessments. (DE 1-2 at 51-54).

On November 26, 2025, Defendant, proceeding pro se, removed the action to this Court claiming federal question jurisdiction under 28 U.S.C. § 1331. (DE 1 at 1). Specifically, Defendant claims that she "intends to assert counterclaims arising under federal law," including alleged due process violations under the Fourteenth Amendment, wire fraud under 18 U.S.C. § 1343, and violations under the Fair Debt Collection Practices Act. (DE 1 at 1-3).

On December 17, 2025, the Association moved to remand under 28 U.S.C. § 1447(c). (DE 6). The Association also seeks attorneys' fees and costs incurred as a result of removal. (DE 6 at 5-6).

## II.  DISCUSSION

The Court will address the request for remand first, followed by the request for attorneys' fees and costs.

### A.  Remand

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, federal courts may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Id.* Because removal jurisdiction raises significant federalism concerns, federal courts must construe removal statutes "strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

The Court finds that no federal question jurisdiction exists over this case for purposes of 28 U.S.C. § 1331. Under the well-pleaded complaint rule, federal question jurisdiction arises only when a federal issue appears on the face of the plaintiff's complaint. *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). Here, the state court complaint asserts a condominium

lien foreclosure claim under Florida law.  (DE 1-2 at 51-54).  Nothing on the face of the complaint gives rise to a claim under federal law.  (DE 1-2 at 51-54).

Instead, Defendant asserts federal question jurisdiction based on federal counterclaims she plans to assert against the Association, including violations of the Fourteenth Amendment and other purported federal claims.  (DE 1 at 1-3).  Federal question jurisdiction cannot be created, however, based on actual or anticipated defenses or counterclaims.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).  Because the complaint raises only state law causes of action, no federal question jurisdiction exists under 28 U.S.C. § 1331.

**B.      Attorneys' Fees & Costs**

The Association also seeks an award of attorneys' fees and costs incurred in bringing this motion to remand.  (DE 6 at 5-6).  Under 28 U.S.C. § 1447(c), a remand order may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of removal.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).   "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*

Even where removal is objectively unreasonable, however, "courts sometimes decline to enter fee awards under § 1447 where the removing party is *pro se*."  *Hiett v. Stanislaus Regional Housing Auth.*, No. 1:22-cv-00612-JLT-EPG, 2022 WL 5440356, at *1 (E.D. Cal. Oct. 7, 2022) (collecting cases).  Such is the case here.  The Court recognizes that a lack of legal training poses a significant hurdle in analyzing complicated issues of federal jurisdiction and removal.  Given Defendant's lack of legal training, the Court declines to award attorneys' fees or costs.

**III.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (DE 6) be **GRANTED** as follows:

1. This case should be **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2. Plaintiff's request for attorneys' fees and costs should be **DENIED**.

3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. See 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

4. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of January 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE